UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br>   Plaintiff<br><br>v.<br><br>EDWARD FLORES DBA FLORES TIRE SHOP; FLORES TIRE SHOP, INC.; ANGELINA AGUILAR.<br>   Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _5:19-cv-0156_ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), as successor in interest to Western Heritage Insurance Company ("Western Heritage"), hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, that it is not obligated to defend or indemnify its insured, Edward Flores d/b/a Flores Tire Shop and Flores Tire Shop, Inc. (collectively "Flores Tire") as outlined below.

**INTRODUCTION**

Scottsdale seeks a judicial determination that it owes no duty to defend or to indemnify its insured, Flores Tire, against claims raised in the lawsuit styled *Angelina Aguilar v. Flores Tire Shop, Inc. et al.*, Cause Number 2017-CI-05741, pending in the 73rd Judicial District Court of Bexar County, Texas ("Underlying Lawsuit").

**PARTIES**

1.      At all pertinent times, Scottsdale was, and is, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Arizona.

2.      At all pertinent times, Edward Flores d/b/a Flores Tire Shop was and is an individual domiciled and residing within the State of Texas.

3.      At all pertinent times, Flores Tire Shop, Inc. was and is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas.

4.      Angelina Aguilar (also "Underlying Plaintiff"), an individual domiciled and residing within the State of Texas, who even though not a party to the policy at issue, will not be bound by a judgment rendered as to the policy's scope of coverage unless she is made a party to this lawsuit.  *Dairyland County Mutual Insurance v. Childress,* 650 S.W.2d 770 (Tex. 1983).

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorneys' fees and costs.  This matter arises from the alleged physical injury to the Underlying Plaintiff.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the policies in dispute were issued in this state, all parties are subject to the jurisdiction of this Court, the Underlying Lawsuit is pending in a corresponding state court within this district, and because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## FACTUAL BACKGROUND

7.      On April 6, 2017, the Underlying Plaintiff filed an Original Petition in the 73rd Judicial District Court of Bexar County, Texas, Cause Number 2017-CI-05741, *Angelina Aguilar v. Flores Tire Shop, Inc. et al.*  A true and correct copy of the Underlying Plaintiff's Original Petition is attached hereto as Exhibit "A."

8.      In the Underlying Lawsuit, the Underlying Plaintiff alleges that on March 29, 2015, Angelina Aguilar was a passenger in a 2006 Chevrolet Suburban being driven by her

former partner.  The left-rear tire (the "Subject Tire") de-treaded, which caused the vehicle to roll over and allegedly causing Underlying Plaintiff to suffer a spinal cord injury.  Exhibit A, ¶ 7.

9. Underlying Plaintiff alleges that "a few days before the Subject Accident," her former partner took the Suburban to Flores Tire to have the tires serviced.  Underlying Plaintiff alleges Flores Tire inspected all of the tires, recommended the replacement of one, but opined that the Subject Tire was in a "serviceable and safe condition."  Underlying Plaintiff asserts that at the time of the inspection the Subject Tire "was more than six years old."  Exhibit A, ¶ 8.

10. Underlying Plaintiff asserts that by charging a fee for the inspection of the tires, Flores and the other defendants assumed a duty to inspect the tires and inform Plaintiff and her former partner of "any improper patches, improper repairs, signs of aging, signs of underinflation, or other conditions that would render the tire unsafe to continue using."  Exhibit A, ¶ 11.

11. Underlying Plaintiff alleges the Subject Tire "should have been taken out of service at the time of the inspections because it had an improper repair and because it exhibited signs of aging."  Exhibit A, ¶ 12.  She further alleges Flores and the other defendants should have recommended the tire be taken out of service.  *Id*.

12. The Subject Tire was manufactured in 2003.  Exhibit A, ¶ 13.

13. Underlying Plaintiff alleges "Flores was negligent in its inspection and servicing of the Suburban's tires, including the Subject Tire."  Further, "Flores was negligent in failing to warn Plaintiff or her former partner of the danger of the aged tire, and in failing to recommend that the tire be taken out of service and replaced."  Exhibit A, ¶ 14.

14. Underlying Plaintiff alleges "Flores' negligence, negligent misrepresentations and negligent undertaking were proximate causes of Plaintiff's injuries and damages…"  *Id*.

15.     Upon information and belief, Flores Tire was served with the Underlying Lawsuit.

16.     By letter dated June 19, 2017, Western Heritage advised Flores Tire that it would defend it against the claims raised in the Petition, subject to a reservation of rights, a copy of which is attached hereto as Exhibit "B."

17.     Scottsdale, as successor in interest to Western Heritage, continues its defense of Flores Tire.

## THE POLICY

18.     Scottsdale issued Policy No. AGP0810290 to Edward Flores d/b/a Flores Tire Shop for the period April 16, 2014 to April 16, 2015, a true and correct copy of which is attached as Exhibit "C" (the "Policy") and incorporated herein by reference.

19.     While Flores sought coverage for a corporation, the Policy was mistakenly identified as issued to an individual, and Scottsdale submits that the terms would apply to claims made as to Flores individually or his company, Flores Tire Shop Inc.

20.     The Policy provides Commercial Garage Insurance Coverage with limits of $1 million each accident and $2 million general aggregate, in accordance with the terms, conditions, limitations, definitions, and exclusions stated in the Policy.

21.     The Policy contains Garage Coverage Form No. CA 00 05 03 10 which, in Section II – Liability Coverage, Paragraph A. – Coverage, provides that Western Heritage "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations' other than the ownership, maintenance or use of covered 'autos'."

22. The Policy is subject to an Exclusion – Designated Garage Operations – Tires" Endorsement (Form WHI 26-0967 (02-13)) which modifies the Garage Coverage Form to provide that:

> This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" or medical expense arising out of the following designated operations:
>
> 1. Sales, service, installation, maintenance, or repair, of any tire that has been altered by being recapped, retreaded, re-grooved, siped or vulcanized, other than by the original manufacturer;
>
> 2. Sales, service, installation, maintenance, or repair, of any tire(s) five years or older; or
>
> 3. Sales of used tires for any auto that requires a commercial drivers license to operate.

## DECLARATORY RELIEF

23. Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

24. There is an actual, present and existing controversy between Scottsdale and the Defendants regarding Scottsdale's obligations under the Policy in connection with the Underlying Lawsuit.

25. Pursuant to 28 USC §2201, *et seq.*, Scottsdale seeks a judicial declaration of its rights and duties under each Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

26. The "Exclusion – Designated Garage Operations – Tires" Endorsement, which removes coverage from the Policy for bodily injury arising out of the service, installation, maintenance or repair of any tire(s) five years or older, precludes any coverage for the

allegations made in the Underlying Lawsuit and is plainly implicated by the allegations in the Underlying Lawsuit.

27. The Policy does not provide coverage for the claims made in the Underlying Lawsuit because the tire at issue was greater than five years of age at the time Underlying Plaintiffs allege Flores Tire serviced or performed maintenance on the subject tire.

28. Scottsdale submits that it owes no duty to defend and no duty to indemnify Flores Tire under the Policy.

29. In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, provisions, limits, definitions and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation and defense of these claims continues, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff, Scottsdale Insurance Company, respectfully prays:

a. That Defendants be cited to answer and appear;

b. That Scottsdale has no obligation under Policy No. AGP0810290 to defend or indemnify Edward Flores d/b/a Flores Tire Shop and Flores Tire Shop, Inc. against the claims asserted in the Underlying Lawsuit and it may discontinue its defense of Flores Tire Shop, Inc. in the Underlying Lawsuit; and

c. That this Court grant such further relief as the law may require or permit.

        Respectfully submitted,

        **PHELPS DUNBAR, LLP**

BY:   */s/ Mary Amy Cazes Greene*
        Mary "Amy" Cazes Greene
        TBN 24005647
        One Allen Center
        500 Dallas Street • 13th Floor
        Houston, Texas 77002
        Telephone: (713) 626-1386
        Telecopier: (713) 626-1388
        Email: greenea@phelps.com

**ATTORNEY FOR PLAINTIFF**
**SCOTTSDALE INSURANCE COMPANY**