# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

SCOTTSDALE INSURANCE
COMPANY,

        Plaintiff,

v.                                                   Case No. 5:19-CV-0156-JKP

EDWARD FLORES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Dismiss (ECF No. 18) filed by third-party defendants Arnold A. Cavzos and Arnold A. Cavazos Insurance Company on August 15, 2019, and a Motion to Strike and Motion for Default Judgment (ECF No. 19) filed by Defendant Edward Flores d/b/a Flores Tire Shop, Inc. ("Flores") on August 28, 2019.[1] In response to the motion to dismiss, Defendant Flores filed a First Amended Third Party Complaint (ECF No. 20) and a responsive brief (ECF No. 21). No one has filed any additional briefing regarding the motion to strike or for default judgment, but the third-party defendants sought and obtained an extension of time to file their motion to dismiss on or before August 15, 2019. *See* ECF No. 22; Text Order Granting ECF No. 22. The motions are ripe for ruling.

The third-party defendants assert two grounds for dismissal under Fed. R. Civ. P. 12(b)(6): (1) failure to state a claim and (2) untimeliness under the applicable statute of limitations. Through the motion to strike, Flores seeks to strike the motion to dismiss as untimely. And according to the motion's title, Flores also seeks default judgment even though the body of the

---

[1] Because the parties have used cumbersome and somewhat confusing titles for their motions, the Court has shortened them to their essence.

motion does not address default judgment. In an abundance of caution, the Court proceeds as though Flores indeed seeks default judgment.

The Flores motions are easily resolved. First, Flores states no rule or other basis that would permit the Court to strike a motion as untimely. Rule 12(f) of the Federal Rules of Civil Procedure is typically invoked for motions to strike. But that rule has no applicability regarding striking a motion. *See Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *2 (N.D. Tex. Jan. 30, 2015), *modified in part on other grounds*, 2015 WL 12532137 (N.D. Tex. June 22, 2015). "Filing a motion to strike in response to a motion is not a reasonable substitute for filing a response." *Id.* Furthermore, "[f]iling a motion to strike instead of a response to a motion merely serves to cause unnecessary delay and increase the cost of litigation." *Id.* While the Court's inherent powers may provide authority to strike a motion, "courts use their inherent powers cautiously and 'with great restraint.'" *Id.* at *3 (quoting *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001)). To the extent its inherent powers permit striking a motion, the Court declines to do so. The untimeliness argument presented in the motion to strike is better suited as an argument for denying the motion to dismiss rather than striking it. And that argument necessarily fails because the Court has granted the third-party defendants an extension of time to file their motion on or before August 15, 2019, the date they filed their motion. *See* ECF No. 22; Text Order Granting ECF No. 22. This granted extension eliminates any current basis for a motion for default judgment against the third-party defendants. For these reasons, neither motion filed by Flores has merit.

Although the motion to dismiss has survived the motion to strike, it likewise fails. First, as permitted by Fed. R. Civ. P. 15(a), Flores filed an amended third-party complaint within twenty-one days of the motion to dismiss. This amendment "supersedes the original [pleading] and

2

renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (stating that general rule). Following the filing of an amended pleading, courts may deem moot a motion seeking to dismiss the pre-amendment pleading. *See Tipps v. McCraw*, No. SA-12-CV-00766-DAE, 2013 WL 5929705, at *2 (W.D. Tex. Nov. 1, 2013). Under this general rule, the Court has discretion to summarily find the entire motion to dismiss moot.

Nevertheless, circumstances may exist where the better course is to address the motion despite the subsequent amendment. Rule 1 of the Federal Rules of Civil Procedure directs the federal courts and litigants to construe, administer, and employ the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Given this overarching principle, courts retain discretion to address a motion to dismiss as though it had been asserted against the amended pleading. An amendment does not eliminate a court's discretion to compare the pleadings to see whether the changes are material to resolution of the motion. Of course, neither Rule 1 nor any other rule mandates that a court conduct such comparison.

In this case, Flores has responded to the motion on the merits despite also filing the amended third-party complaint. Such response on the merits favors not finding the motion moot. Despite the amended pleading, Flores essentially focuses on the allegations in the pre-amended pleading. The third-party defendants have neither filed a reply to that response nor withdrawn their motion. Nor have they moved to dismiss the amended pleading. It thus appears that they stand by their original motion to dismiss. This lack of action on their part at least suggests that they still want a ruling on their motion.

On the other hand, the amendment by Flores also materially changed the third-party complaint in response to the motion to dismiss. The amended third-party complaint drops other previously named third-party defendants from the case, alters various language that formerly

dealt with the dropped parties, adds language regarding equitable tolling of the statute of limitations, and makes other various changes. *Compare* ECF No. 9 *with* ECF No. 20. While these changes are material, they do not affect the Court's ability to resolve the pending motion as if movants assert it against the amended pleading.

Viewing the motion to dismiss in that light, the Court denies it. With the allegations regarding equitable tolling, movants have no basis to argue that the third-party complaint is untimely on its face. Similarly, omitting the other third-party defendants clarifies the allegations against the movants. The Court finds that the amended third-party complaint satisfies the well-established standards for stating a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). It also finds that the amended pleading satisfies the pleading requirements of Fed. R. Civ. P. 9(b) for the fraud allegations.

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss (ECF No. 18) and **DENIES** the Motion to Strike and Motion for Default Judgment (ECF No. 19).

SIGNED this 27th day of September, 2019.

_____
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE